IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT THEIS, individually and on behalf of all other similarly situated, <br> Plaintiff, <br> v. <br> VIEWSONIC CORPORATION, <br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 12-1569-RGA |

## MEMORANDUM ORDER

Having reviewed Defendant's Motion to Dismiss (D.I. 7), associated papers (D.I. 8-12), and oral argument on April 12, 2013, it is **ORDERED** that Defendant's Motion (D.I. 7) is **GRANTED** as follows:

1. With regard to Plaintiff's Breach of Implied Warranty claim (Count II), Plaintiff agreed at oral argument that this claim is limited to a breach of the implied warranty of merchantability. The elements of this claim are: "(1) that a merchant sold the goods; (2) which were defective at the time of sale; (3) *causing injury to the ultimate consumer*; (4) the proximate cause of which was the defective nature of the goods; and (5) that *the seller received notice of the injury*."[1] *Reybold Group, Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998) (emphasis added). "The injury" of which the seller must have notice is the injury to the ultimate consumer plaintiff. *See id.*; *Fatovic v. Chrysler Corp.*, 2003 WL 21481012, *5 (Del. Super. Feb. 28, 2003). Plaintiff alleges that Defendant had knowledge of the alleged defect due

---

[1] The notice requirement exists for a reason. *See* JAMES WHITE & ROBERT SUMMERS, UNIFORM COMMERCIAL CODE, § 12.10 (6th ed. 2010) (discussing § 2-607, and providing that the "most important reason for requiring notice is to enable the seller to make adjustments or replacements or to suggest opportunities for cure to the end of minimizing the buyer's loss and reducing the seller's own liability to the buyer.").

1

to complaints by other consumers to Defendant and on the Internet, not that Plaintiff gave Defendant notice of the injury to Defendant. *See* (D.I. 1, ¶ 13). Plaintiff failed to plead that he gave Defendant reasonable (or, indeed, any) notice of the alleged breach of implied warranty and injury to Plaintiff. At oral argument, Plaintiff stated he could not plead that he gave Defendant notice of his own injury. Count II is dismissed. *See Ohoopee Prod. Cr. Ass'n v. Aspinwall*, 358 S.E.2d 884, 885 (Ga. App. 1987).

2. Plaintiff's Violation of Magnuson-Moss Warranty Act claim (Count III) expressly depends upon his breach of implied warranty claim. (D.I. 1, ¶ 55; D.I. 10 at 9). Since that claim has been dismissed, Count III must also be dismissed. *See Cooper v. Samsung Electronics Am., Inc.*, 2008 WL 4513924, *6 (D.N.J. 2008).

3. With regard to Plaintiff's Delaware Consumer Fraud Act claim (Count V), Plaintiff's allegations fail to meet the heightened pleading standard under FED. R. CIV. P. 9(b) for claims brought by a private citizen. *See Homsey v. Vigilant Ins. Co.*, 496 F.Supp.2d 433, 438-39 (D. Del. 2007); *Sammons v. Hartford Underwriters Ins. Co.*, 2010 WL 1267222, *6 (Del. Super. Apr. 1, 2010). "[T]he circumstances of the alleged fraud [must be] plead[ed] sufficiently 'to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" *Homsey*, 496 F.Supp.2d at 439 (quoting *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). Plaintiff has alleged only that "Defendant has violated [the Consumer Fraud Act] through concealment, suppression, and omission of a material fact – the Defect – with the intent that others – Plaintiff and Class – rely upon such concealment, suppression, or omission of material fact, in connection with the sale of the Defective Monitors."

(D.I. 1, ¶ 66). This falls far short of identifying any precise misconduct by Defendant. Count V is dismissed for falling short of Rule 9(b)'s pleading standard.

4. Plaintiff's Delaware Consumer Fraud Act claim also fails as a matter of law. Section 2522 of the Delaware Consumer Fraud Act provides that "[t]he purpose of this subchapter shall be to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade of commerce in part or wholly within this State." "Relief, therefore, can be granted under the Act only as to those unlawful practices occurring or performed partly or wholly within Delaware." *Benning v. WIT Capital Group, Inc.*, 2001 WL 38781, *2 (Del. Super. Jan. 10, 2001), *reversed on other grounds*, 792 A.2d 188 (Del. 2001). Defendant's status as a Delaware corporation may give this Court personal jurisdiction over the Defendant, but it is by itself insufficient to allow Plaintiff to state a claim under the Delaware Consumer Fraud Act for an act occurring outside of Delaware. There is no allegation that a Delaware consumer was deceived by Defendant's alleged practices, or of any other Delaware connection. *See id.* Nor can there be; per Plaintiff's counsel at oral argument, Plaintiff is a California consumer who purchased Defendant's monitor in California. Count V fails as a matter of law.

5. With regard to Plaintiff's Unjust Enrichment and Restitution claim (Count VI), at oral argument Plaintiff clarified that the claim itself is for unjust enrichment, while restitution is a requested remedy. Plaintiff is precluded from prevailing on his claim for unjust enrichment because a binding contract exists between the parties that addresses the particular subject matter: the user manual with its warranties, which Plaintiff agrees is a contract between the parties. *See Palese v. Delaware State Lottery Office*, 2006 WL 1875915, *5 (Del. Ch. 2006); (D.I. 10 at 4, 9);

3

(D.I. 8, Ex. A). Plaintiff's argument that unjust enrichment picks up where the expired warranties leave off ignores the purpose of unjust enrichment and of warranties. "Courts developed unjust enrichment, or quasi-contract, as a theory of recovery to remedy the absence of a formal contract. A party cannot seek recovery under an unjust enrichment theory if a contract is the measure of the plaintiff's right." *Palese*, 2006 WL 1875915, at *5. The warranties here provide the contracted-for measure of Plaintiff's right; Plaintiff cannot bring an unjust enrichment claim after the warranties' expiration to expand his right. Count VI is dismissed.

6. Plaintiff conceded dismissal of its Breach of Express Warranty claim (Count I) and Delaware Uniform Deceptive Trade Practices Act claim (Count IV). (D.I. 10 at 6, 12). The remainder of Plaintiff's claims fail either as a matter of law or due to irreparable pleading defects. Thus, granting leave to amend would be futile. All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that the clerk of court is directed to enter judgment in favor of Defendant.

Entered this 16th day of April, 2013.

*/s/ Richard G. Andrews*
United States District Judge

4